faegre drinker

faegredrinker.com

**Helen E. Tuttle**
Partner
helen.tuttle@faegredrinker.com
+1 973 549 7263 direct

**Faegre Drinker Biddle & Reath LLP**
600 Campus Drive
Florham Park, New Jersey 07932
+1 973 549 7000 main
+1 973 360 9831 fax

November 24, 2026

**Via ECF**

The Honorable Ronnie Abrams
United States District Judge
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

Re: *Lauren Smith et al. v. Ulta Beauty, Inc.*
Case No. 1:26-cv-01996-RA
**Defendant's Status Letter**

Dear Judge Abrams:

We represent defendant Ulta Salon, Cosmetics & Fragrance, Inc. (incorrectly named as "Ulta Beauty, Inc.") in the above-entitled action. Please allow this letter to serve as Defendant's compliance with the requirement contained in the Court's October 28, 2026 Order (ECF No. 30) to provide a status update. Plaintiffs submitted their status letter earlier this evening (ECF No. 31), and this letter serves as Defendant's response. By way of explanation, Plaintiffs' counsel provided the proposed joint status letter at 1:30pm today which did not allow sufficient time for defense counsel to confer with her client prior to Plaintiffs' submission.

The below reflects Defendant's position.

***A. Response to Plaintiffs' Proposed Amended Complaint.***

Plaintiffs propose to amend their Complaint to, among other things, add the correct defendant (Ulta Salon, Cosmetics & Fragrance, Inc.) while retaining the wrong defendant (Ulta Beauty, Inc.). Plaintiffs' position conflates Ulta Beauty, Inc.'s status as the corporate parent with the operations of Ulta Salon, Cosmetics & Fragrance, Inc. Ulta Beauty, Inc. is a holding/parent company and does not employ any employees who work in Ulta stores nor does Ulta Beauty, Inc. operate those stores. Rather, Ulta Salon, Cosmetics & Fragrance, Inc. operates the retail stores, including the 86th Street location at issue, and employs the store associates. This has been communicated to Plaintiffs' counsel.

Plaintiffs' claims arise from alleged conduct at the 86th Street store, not from the creation or dissemination of corporate advertising. Nor does Plaintiffs' reference to Ulta's public

commitment to diversity, equity, and inclusion transform Ulta Beauty, Inc. into the entity responsible for the store operations or conduct challenged in this action.

Accordingly, Ulta Salon, Cosmetics & Fragrance, Inc. is the proper defendant. Plaintiffs' desire to pursue such discovery does not provide an independent basis to retain Ulta Beauty, Inc. as a defendant where it did not operate the store, employ the relevant personnel, or engage in the conduct alleged in the Complaint.

Notably, Plaintiffs' position states, for the first time, that they would consider a stipulation confirming what has been previously shared by defense counsel (Plaintiffs' counsel did not propose this option at either the October 27 conference or in her November 20 correspondence). Defendant would be amenable to providing such a stipulation.

***B. Response to Plaintiffs' Proposed Plan for the Updated Case Management Plan.***

Defendant agrees with Plaintiffs' proposal to submit a Case Management Plan by January 8, 2027, which would revise the current discovery dates.

We thank the Court for its consideration.

Respectfully submitted,

Helen E. Tuttle